UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ADELHEIDT KING,

                                        Plaintiff,

                 -vs-                                           06-CV-0692 C

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

                                        Defendant.

_____

_____

        Plaintiff Adelheidt King initiated this action pursuant to 42 U.S.C. § 405(g) to review

the final determination of the Commissioner of Social Security ("Commissioner") denying

her application for Social Security disability insurance ("SSDI") and supplemental security

income ("SSI") benefits.   The plaintiff has filed a motion for judgment on the pleadings

(Item 7), and the Commissioner has cross-moved for the same relief (Item 8), pursuant to

Fed. R. Civ. P 12(c).   For the following reasons, the Commissioner's motion is denied, the

plaintiff's motion is granted, and the matter is remanded for further proceedings.


**BACKGROUND**

        Plaintiff was born on June 18, 1945 (Tr. 465).[2]   She applied for Social Security

benefits on February 20, 2001, alleging disability since June 29, 2000 due to depression,

panic disorder, and hearing loss (Tr. 114).   Plaintiff's application was denied initially on

_____

        [1]  Michael J. Astrue became the Commissioner of Social Security on February 12, 2007 and is
thus substituted as defendant in this case.  *See* Fed. R. Civ. P. 25(d)(1); 42 U.S.C. § 405(g).

        [2]  References preceded by "Tr." are to page numbers of the transcript of the administrative record,
filed by defendant as part of the answer to the complaint (Item 3).

October 4, 2001 (Tr. 22-27).  Plaintiff requested a hearing, which was held on June 11, 2002 before Administrative Law Judge ("ALJ") Robert T. Harvey (Tr. 494-526).   In a decision dated July 24, 2002, the ALJ determined that plaintiff was not disabled and not entitled to SSDI or SSI (Tr. 52-59).  This decision was vacated by the Appeals Council on March 22, 2005 and the matter was remanded to the ALJ to obtain evidence from a vocational expert (Tr. 73-75).  Another hearing was conducted on July 13, 2004, again before ALJ Harvey (Tr. 463-493).  Plaintiff testified at both hearings and was assisted by Ms. Jo Evelyn Smith, a paralegal.  Since October 14, 2004 plaintiff has been represented by attorney Kenneth Hiller.

In a decision dated August 26, 2004, the ALJ again found that plaintiff was not under a disability within the meaning of the Social Security Act (Tr. 13-19).  Following the sequential evaluation process outlined in the Social Security Administration Regulations (*see* 20 C.F.R. § 404.1520), the ALJ reviewed the medical evidence and determined that plaintiff's impairments, while severe, did not meet or equal the criteria of an impairment listed in the Regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings").  The ALJ considered plaintiff's allegations and testimony regarding her functional limitations, but found plaintiff to be "not totally credible" in this regard (Tr. 18).  Based on the testimony of vocational expert ("VE") Timothy Janikowski, the ALJ found that plaintiff is still capable of performing her past work as a cleaner, bakery clerk, and video attendant  which, when considered along with the plaintiff's age of 59 years old, and her eighth grade education, led to the conclusion that there are a significant number of jobs in the national economy that plaintiff could perform (Tr. 17).  The ALJ's decision became the Commissioner's final determination on August 24, 2006 when the Appeals Council denied plaintiff's request for

review (Tr. 5).

Plaintiff filed this action on October 19, 2006, pursuant to the judicial review provision of 42 U.S.C. § 405 (g) (Item 1).  On May 11, 2007, the plaintiff filed a motion for judgment on the pleadings on the grounds that the ALJ failed to recontact her treating physician to complete an assessment of her RFC and therefore failed to fully develop the record (Item 7).  Defendant filed a cross motion for the same relief, arguing that the ALJ's determination must be upheld because it is supported by substantial evidence in the record (Item 8).  For the reasons that follow, the Commissioner's motion is denied, and the plaintiff's motion is granted.

## DISCUSSION

### I.    Scope of Judicial Review

Under the Social Security Act, a person is entitled to Social Security disability benefits when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A); *Melville v. Apfel*, 198 F.3d 45, 50 (2d Cir. 1999).  Such a "physical or mental impairment" must be demonstrable by medically acceptable clinical and laboratory diagnostic techniques.   42 U.S.C. § 423(d)(3). Determinations of disability are based on objective medical facts, diagnoses, or medical opinions inferable from these facts, subjective complaints of pain or disability, and educational background, age, and work experience.  *Mongeur v. Heckler*, 722 F.2d 1033, 1037 (2d Cir. 1983); *Fishburn v. Sullivan*, 802 F. Supp. 1018, 1023 (S.D.N.Y. 1992).

3

The Act states that upon district court review of the Commissioner's decision, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. §405(g).  Substantial evidence is defined as evidence which "'a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel,* 167 F.3d 770, 773-74 (2d Cir.  1999).  Under these standards, the scope of judicial review of the Commissioner's decision is limited, and the reviewing court may neither try the case *de novo* nor substitute its findings for those of the Commissioner.  *Richardson,* 402 U.S. at 401.  "The court's sole inquiry is 'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner."  *Winkelsas v. Apfel,* 2000 WL 575513, at *2 (W.D.N.Y. February 14, 2000) (quoting *Sample v. Schweiker,* 694 F.2d 639, 642 (2d Cir. 1982).

However, "'[b]efore the insulation of the substantial evidence test comes into play, it must first be determined that the facts of a particular case have been evaluated in light of correct legal standards.'"  *Gartmann v. Sec'y of Health and Human Servs.,* 633 F.Supp. 671, 680 (E.D.N.Y. 1986) (quoting *Klofta v. Mathews,* 418 F.Supp. 1139, 1141 (E.D.Wis. 1976).  The Commissioner's determination cannot be upheld when it is based on an erroneous view of the law that improperly disregards highly probative evidence.  *Tejada,* 167 F.3d at 773.

4

II.     **Standards for Determining Eligibility for Disability Benefits**

The regulations set forth a five-step process for the ALJ to follow in evaluating

disability claims.  *See* 20 C.F.R. §404.1520.  First, the ALJ must determine whether the

claimant is presently engaged in substantial gainful activity.  If the claimant is not, the ALJ

must decide if the claimant has a "severe" impairment, which is an impairment or

combination of impairments that "significantly limits [the claimant's] physical or mental

ability to do basic work activities . . . ."  20 C.F.R. § 404.1520(c).  If the claimant's

impairment is severe, the ALJ then determines whether it meets or equals the criteria of

an impairment found in 20 C.F.R. § 404, Subpart P, Appendix 1 (the "Listings").  If the

impairment meets or equals a listed impairment, the claimant will be found to be disabled.

If the claimant does not have a listed impairment, the fourth step requires the ALJ to

determine if, notwithstanding the impairment, the claimant is capable of performing his or

her past relevant work.  If the claimant is not capable of performing the past relevant work,

the fifth step requires that the ALJ determine whether the claimant is capable of performing

other work which exists in the national economy, considering the claimant's age, education,

past work experience, and residual functional capacity ("RFC"), based on a series of charts

provided in the regulations at 20 C.F.R. § 404, Subpart P, Appendix 2 (the "Grids").  *See*

*Curry v. Apfel,* 209 F.3d 117, 122 (2d Cir. 2000); *Reyes v. Massanari,* 2002 WL 856459,

at *3 (S.D.N.Y. April 2, 2002).

The claimant bears the burden of proof with respect to the first four steps of the

analysis.  If the claimant demonstrates an inability to perform past work, the burden shifts

to the Commissioner to show that there exists other work that the claimant can perform.

*See Rosa v. Callahan,* 168 F.3d 72, 77 (2d Cir. 1999).

In this case, the ALJ determined that plaintiff had not engaged in substantial gainful employment activity since at least June 29, 2000, the date of her alleged disability onset (T. 18).  In reviewing plaintiff's medical records, the ALJ found that plaintiff has a history of affective disorder, anxiety disorder, panic disorder, moderate hearing loss in the right ear, and profound hearing loss in the left ear.  The ALJ found that these impairments, while "severe," do not meet or equal the requirements of the Listings (T. 14).  Proceeding to the fourth step of the sequential evaluation process, the ALJ, relying on testimony from the vocational expert, found that plaintiff is capable of performing her previous relevant work in unskilled positions as a bakery clerk and video attendant (T. 18).  The ALJ determined that plaintiff has the "residual functional capacity to lift/carry/push/pull 100 pounds occasionally and 50 pounds frequently; sit 2 hours in an 8 hour day and stand/walk 6 hours in an 8 hour day" (T. 17).  The ALJ noted restrictions for jobs that have noisy environments and high levels of stress, as well as occasional limitations in dealing with co-workers. (T. 17).

The Commissioner contends that the ALJ's findings are supported by substantial evidence.  Plaintiff contends that the ALJ erred in failing to recontact her treating physician to complete an assessment of her RFC and therefore failed to fully develop the record.

### III.    The ALJ's Duty to Recontact Plaintiff's Treating Physician

Plaintiff contends that the ALJ was under a duty to recontact her treating psychiatrist, Dr. Yap, to resolve any conflicts or ambiguities in her report.  In an evaluation dated July 7, 2004, Dr. Yap stated that plaintiff suffers from major depression and takes

several medications for this condition (Tr. 452).  Dr. Yap stated that plaintiff experiences a severe loss of interest in activities, appetite disturbance, decreased energy, feelings of guilt, and worthlessness, and difficulty thinking.  She also experiences moderate thoughts of suicide and mild paranoia (Tr. 453).  Dr. Yap noted severe functional limitations in grooming, personal hygiene, maintenance, shopping, cooking, cleaning, using the telephone, and planning and participating in daily activities.  Dr. Yap noted moderate limitations in paying bills and using public transportation (Tr. 454).  In the area of social functioning, Dr. Yap noted mild limitations in getting along with strangers, showing consideration of others, and displaying awareness of others' feelings; moderate limitations in communicating clearly and establishing interpersonal relationships; and severe limitations in getting along with family, participating in group activities, and initiating social contacts (*id.*).  Dr. Yap stated that plaintiff has severe difficulties in concentration, persistence, completion of tasks, repetition of sequences, and sustaining tasks without rest or interruption (Tr. 455).  Dr. Yap also stated that plaintiff has displayed the following behaviors under stress: inability to accept supervision, withdrawal, deterioration, poor decision-making, and an inability to adapt to changing demands (*id.*).

Dr. Yap completed a medical source statement of plaintiff's "Ability to do Work-Related Activities," also dated July 7, 2004.  Dr. Yap stated that plaintiff has a good ability to remember locations and procedures and to understand and carry out simple instructions (Tr. 456).  She found a fair ability to perform on a schedule, sustain a routine, work with others without distraction, and make simple decision (*id.*).  Finally, Dr. Yap found a poor ability understand and carry out detailed instructions, maintain concentration for extended periods, perform at a consistent pace, and complete a normal workday or workweek (Tr.

456).  Additionally, Dr. Yap found plaintiff to have a good awareness of normal hazards, a fair ability to accept criticism and instructions, get along with co-workers, maintain socially appropriate behavior, adhere to standards of neatness and cleanliness, and respond to changes in the work setting (Tr. 457).  Dr. Yap noted a poor ability to ask simple questions or request assistance, travel to unfamiliar places or use public transportation, and set goals.  Dr. Yap did not provide further explanation, as required on the form, as to her findings of fair and poor abilities, but the cover letter to the report notes that plaintiff's ability to function "has deteriorated significantly" and that her condition interferes with her "ability to be gainfully employed" (Tr. 451).

The ALJ rejected the opinion of Dr. Yap that claimant is incapable of any gainful employment because she "did not explain the ratings of fair and poor" (Tr. 16). Additionally, the ALJ afforded little weight to the opinion of Dr. Yap because she "has only seen the claimant four times ... and each session lasted less than 30 minutes.  Further, Dr. Yap does not possess enough medical working knowledge of the claimant's mental functioning to provide such a comprehensive opinion as to the claimant's mental functioning." (Tr. 17).  The plaintiff admitted to a brief treating relationship with Dr. Yap (Tr. 483), but had been seen by other mental health professionals at Horizon Health Services since 2001 (Tr. 451).

It is well settled that in light of the "'essentially non-adversarial nature of a benefits proceeding,'" the ALJ has an affirmative duty to develop the record.  *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (quoting *Echevarria v. Secretary of Health and Human Services*, 685 F.2d 751, 755 (2d Cir. 1982)); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir.  1996). "This duty exists even when the

claimant is represented by counsel." *Perez*, 77 F.3d at 47.  When the evidence received from the treating physician is inadequate to determine whether a claimant is disabled, the ALJ is obligated to recontact the treating physician in an attempt to obtain additional evidence or clarification.  *See* 20 C.F.R. § 404.1512(e).   An ALJ may not rely merely on the absence of evidence in reaching his decision "without making an affirmative effort to fill any gaps in the record . . . ."  *Garcia v. Barnhart*, 2003 WL 68040, *3 (S.D.N.Y. January 7, 2003).  Rather, an ALJ confronted with an incomplete record must seek out additional information sua sponte.  *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (citations and internal quotation marks omitted); *see also Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998) ("[E]ven if the clinical findings were inadequate, it was the ALJ's duty to seek additional information from [the treating physician] sua sponte." ); *Rivas v. Barnhart*, 2005 WL 183139, at *23 (S.D.N.Y. January 27, 2005) ("[A]n ALJ has an affirmative duty to seek amplification of an otherwise favorable treating physician report where the report is believed to be insufficiently explained or lacking in support."); *Volkerts v. Soc. Sec. Admin.*, 2005 WL 2660433, at *2 (D.Conn. September 29, 2003) ("[T]he ALJ must point to affirmative pieces of evidence, not simply the absence of evidence, to support his determination."); *Devora v. Barnhart*, 205 F.Supp.2d 164, 172-73 (S.D.N.Y.  2002) ("The duty of the ALJ to develop the record is particularly important when it comes to obtaining information from a claimant's treating physician.").

Here, after a remand, the ALJ sought updated information from the plaintiff's treating psychiatrist and received the report of Dr. Yap dated July 2004.  The treating relationship was admittedly of short duration and Dr. Yap failed to adequately explain her ratings of

"fair" and "poor" as required on the evaluation form. The ALJ should have recontacted Dr. Yap to fill in the gaps in her report, particularly in light of the passage of time between the previous treating source reports in 2001 and 2002, the consultative examination in 2001, and the review by the state review physician in 2001 and the statement by plaintiff's therapist that plaintiff's condition had deteriorated "significantly" over time. Instead, the ALJ relied upon inconsistencies between dated medical evidence and more current, yet incomplete, medical findings in order to justify his rejection of the report of Dr. Yap.

The duty to develop the record obligates ALJ's to make "every reasonable effort to help [a claimant] get medical reports from [his or her] own medical sources." *Cruz v. Barnhart*, 2006 WL 1228581, at *14 (S.D.N.Y. May 8, 2006) (alterations in original). The record as a whole must be complete and detailed enough to allow the ALJ to determine the claimant's residual functional capacity. 20 C.F.R. § 404.1513(e)(1)-(e)(3); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5. Here, the ALJ should have recontacted the claimant's treating source to obtain the information, and if unsuccessful, should have required an updated consultative examination. 20 C.F.R. §§ 404.1512(e)(1), 404.1512(e)(2), and 404.1512(f).

## CONCLUSION

Based on the foregoing analysis, and after a full review of the record, the court concludes that the ALJ's determination was based on an erroneous application of the legal standards for discharging the affirmative obligation to fully and fairly develop the administrative record. Accordingly, the Commissioner's motion is denied, plaintiff's motion is granted, and the matter is remanded for further proceedings pursuant to the third

10

sentence of 42 U.S.C. § 405(g).

So ordered.


_____\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated:  3/21                                    , 2008
p:\pending\2006\06-692.feb2108

11